**132**

COMMONWEALTH OF PENNSYLVA-
NIA ex rel. Charles E. WHITING,

v.

A. C. CAVELL, Superintendent, State Cor-
rectional Institution at Rockview,
Bellefonte, Pa., Appellant.

COMMONWEALTH OF PENNSYLVA-
NIA ex rel. Charles E. WHITING,
Appellant,

v.

A. C. CAVELL, Superintendent, State Cor-
rectional Institution at Rockview, Belle-
fonte, Pennsylvania, Appellee.

Nos. 15582, 15623.

United States Court of Appeals
Third Circuit.

Argued Feb. 11, 1966.

Decided March 3, 1966.

Rehearing Denied in No. 15,582,
March 24, 1966.

Certiorari Denied June 20, 1966.
See 86 S.Ct. 1921, 1986.

Richard A. Devlin, Asst. Dist. Atty.,
Henry T. Crocker, Asst. Dist. Atty.,

Richard S. Lowe, Dist. Atty., Norris-
town, Pa., for Commonwealth of Penn-
sylvania (Appellant in #15582 and Ap-
pellee in #15623).

Arthur B. LaFrance, Waterbury,
Conn., for petitioner (Appellant in
#15623 and Appellee in #15582).

Before McLAUGHLIN, FORMAN and
GANEY, Circuit Judges.

PER CURIAM.

■■ Petitioner had been convicted
in the Commonwealth of Pennsylvania,
Montgomery County Common Pleas
Court of murder and sentenced to life
imprisonment. He is now serving that
sentence. He filed an application for a
writ of habeas corpus in the District
Court. It is conceded that he has ex-
hausted his state court remedies. His
application stated that his home had been
illegally searched and certain blood-stain-
ed clothing, allegedly his, had been il-
legally seized. That clothing was ad-
mitted in evidence at the state trial.
Such action was rightly held to have been
prejudicial by the District Judge. The
latter also ruled that there was no evi-
dence that Whiting "voluntarily surren-
dered his clothes with full knowledge of
his rights." Finally, the District Judge
from the uncontradicted evidence deter-
mined that the search as far as the
clothes were concerned "was not incident
to a lawful arrest" and that "There is
nothing to show it was impracticable to
obtain a search warrant." On the issue
of search and seizure the Court granted
the petition for the writ. Under the
facts and the law we must affirm that
decision.

There were other grounds urged on be-
half of petitioner for the granting of the
writ which were denied by the District
Court. There is no need or use of pass-
ing upon these in view of our above
stated conclusion.

The judgment of the District Court
granting the petition for a writ of ha-
beas corpus on the basis of illegal search
and seizure will be affirmed.