358 F.2d 132
 COMMONWEALTH OF PENNSYLVANIA ex rel. Charles E. WHITING,
v.
A. C. CAVELL, Superintendent, State Correctional Institution at Rockview, Bellefonte, Pa., Appellant.
COMMONWEALTH OF PENNSYLVANIA ex rel. Charles E. WHITING, Appellant,
v.
A. C. CAVELL, Superintendent, State Correctional Institution at Rockview, Bellefonte, Pennsylvania, Appellee.
 No. 15582.
 No. 15623.
 United States Court of Appeals Third Circuit.
 Argued February 11, 1966.
 Decided March 3, 1966.
 Rehearing Denied in No. 15,582, March 24, 1966.
 Certiorari Denied June 20, 1966.
 See 86 S.Ct. 1921, 1986.
 
 Richard A. Devlin, Asst. Dist. Atty., Henry T. Crocker, Asst. Dist. Atty., Richard S. Lowe, Dist. Atty., Norristown, Pa., for Commonwealth of Pennsylvania (Appellant in #15582 and Appellee in #15623).
 Arthur B. LaFrance, Waterbury, Conn., for petitioner (Appellant in #15623 and Appellee in #15582).
 Before McLAUGHLIN, FORMAN and GANEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner had been convicted in the Commonwealth of Pennsylvania, Montgomery County Common Pleas Court of murder and sentenced to life imprisonment. He is now serving that sentence. He filed an application for a writ of habeas corpus in the District Court. It is conceded that he has exhausted his state court remedies. His application stated that his home had been illegally searched and certain blood-stained clothing, allegedly his, had been illegally seized. That clothing was admitted in evidence at the state trial. Such action was rightly held to have been prejudicial by the District Judge. The latter also ruled that there was no evidence that Whiting "voluntarily surrendered his clothes with full knowledge of his rights." Finally, the District Judge from the uncontradicted evidence determined that the search as far as the clothes were concerned "was not incident to a lawful arrest" and that "There is nothing to show it was impracticable to obtain a search warrant." On the issue of search and seizure the Court granted the petition for the writ. Under the facts and the law we must affirm that decision.
 
 
 2
 There were other grounds urged on behalf of petitioner for the granting of the writ which were denied by the District Court. There is no need or use of passing upon these in view of our above stated conclusion.
 
 
 3
 The judgment of the District Court granting the petition for a writ of habeas corpus on the basis of illegal search and seizure will be affirmed.